IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00340-MR

| | |
|---|---|
| MARY HAGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| JUDGE MULLEN C. GRAHAM, ) | |
| TIM UNDERWOOD, KELVIN ) | |
| PARSLEY, and DENNIS PHILIP, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on review of the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2].

**I.    STANDARD OF REVIEW**

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County,

S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

2

Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## II. BACKGROUND

The Plaintiff's history of filing actions in this Court began in 2009, when she brought an employment discrimination claim against her former employer, Carolinas Medical Center-Mercy (identified in the Complaint as "Mercy Hospital"). See Haggins v. Mercy Hospital, No. 3:09-cv-00078-GCM. The Honorable Graham C. Mullen, United States District Judge, presided over that case. In March 2010, Judge Mullen granted summary judgment in favor of the Defendants in that action, and the case was dismissed. See id., Doc. 35. The Plaintiff did not appeal.

In 2012, the Plaintiff filed an action in Mecklenburg County Superior Court, suing Carolinas Medical Center and attorneys Dennis Phillips and Michael Tarwater. See Haggins v. Carolinas Medical Center et al., 3:12-cv-590-MOC-DSC. The Defendants removed the action to this Court, and the Honorable Max O. Cogburn, United States District Judge, was assigned to the case. See id., Doc. 1. In November 2012, Judge Cogburn dismissed

3

the action on *res judicata* grounds, noting that the claims and parties were substantively identical to those involved in Civil Case No. 3:09-cv-00078-GCM.  See Civil Case No. 3:12-cv-590-MOC-DSC, Doc. 9.

Undeterred, the Plaintiff filed another state court action in 2013, bringing claims against Dennis Phillips, Michael Tarwater, and the Charlotte-Mecklenburg Hospital Authority ("CMHA").  See Haggins v. Phillips et al., 3:13-cv-00050-MOC-DSC.  The Defendants again removed the action to this Court.  See id., Doc. 1.  In March 2013, Judge Cogburn dismissed the Plaintiff's action and entered a pre-filing injunction prohibiting the Plaintiff from filing any action "against CMHA, or any agent, employee or assignee of CMHA, without first obtaining leave of this court."  See id., Doc. 10 at 5.

Since Judge Cogburn entered the pre-filing injunction with respect to any actions against CMHA, the Plaintiff has persisted in filing multiple lawsuits in this Court against various entities, asserting vague and often nonsensical allegations.  All of these actions have been dismissed as frivolous and for failing to state a claim upon which relief can be granted, and in numerous instances, the Plaintiff has been warned that continued frivolous filings would result in the imposition of a pre-filing review system.  See Haggins v. Nemanic, 3:19-cv-00682-RJC-DSC; Haggins v. Bornhill, 3:20-cv-00176-MOC-DSC; Haggins v. American Sweepstakes Network, 3:20-cv-

177-GCM; Haggins v. Portal, 3:20-cv-00178-FDW-DSC; Haggins v. Centers for Medicare and Medicaid Services, 3:20-cv-00179-FDW-DCK; Haggins v. Marks, 3:20-cv-00180-MOC-DSC; Haggins v. Bank of America, 3:20-cv-00181-RJC; Haggins v. NC Child Support Services, 3:20-cv-00183-FDW-DCK; Haggins v. White, 3:20-cv-00184-FDW-DSC; Haggins v. Central Piedmont Community College, 3:20-cv-00185-GCM; Haggins v. LNU, 3:20-cv-00375-RJC-DCK (pre-filing injunction warning given); Haggins v. LNU, 3:20-cv-00376-RJC-DCK (pre-filing injunction warning given); Haggins v. Consumer Protection, 3:20-cv-377-FDW-DCK (pre-filing injunction warning given); Haggins v. Nemanic, 3:20-cv-00378-MOC-DSC; Haggins v. Charlotte Transportation Center, 3:20-cv-00379-RJC-DCK (pre-filing injunction warning given).

The Plaintiff currently has four civil actions pending before this Court: Haggins v. White, 3:21-cv-00337-RJC-DCK; Haggins v. Bank of America, 3:21-cv-00338-RJC-DSC; Haggins v. US EEOC, 3:21-cv-00339-FDW-DCK; and Haggins v. Graham, 3:21-cv-00340-MR. The last of these actions, Haggins v. Graham, is assigned to the undersigned, and it is the Complaint filed in that action which the Court will now review.

## III. DISCUSSION

### A. Application to Proceed with Prepaying Fees or Costs

The Plaintiff moves to proceed in this action without the prepayment of fees or costs. [Doc. 2]. Upon review of the Plaintiff's Application, the Court finds that she is unable to make prepayment of the required fees and costs. Accordingly, the Application will be granted.

### B. § 1915 Review of Complaint

In her Complaint, the Plaintiff does not identify any particular legal claims. Under the section "Basis for Jurisdiction," she indicates that she is suing federal officials for violation of her constitutional rights. [See Doc. 1 at 3]. However, in the section where she is asked to identify which constitutional rights that she claims have been violated, the Plaintiff states: "Both of them federal & state" and "Everything they took and more." [Id.]. The Plaintiff then makes a series of vague, nonsensical allegations against Judge Graham C. Mullen (erroneously identified as "Judge Mullen C. Graham") and attorneys Tim Underwood, Jeff White, Kelvin Parsley, and Dennis Philip. While largely indecipherable, it appears that the Plaintiff's allegations pertain to certain events which transpired with respect to her 2009 case against Carolinas Medical Center/Mercy Hospital. [Id. at 4-5]. For damages, she seeks an award of $999 billion. [Id. at 5].

The Plaintiff's Complaint is subject to dismissal on several grounds. As noted, the Plaintiff does not assert any specific legal claims, and thus it is unclear what is the alleged basis for jurisdiction. Assuming that the Plaintiff is attempting to assert a federal civil rights action, either under 42 U.S.C. § 1983 or Bivens,[1] her claims are frivolous. As a federal judge, Judge Mullen has absolute immunity from a suit for money damages arising out of his judicial acts. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). As for the other named defendants, there is no plausible allegation made in the Complaint that they are state actors or that they have a sufficiently close relationship with government actors such that the Court could conclude that they are engaged in the government's actions. See DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999). In any event, the Plaintiff's allegations are so vague and nonsensical that the Court cannot discern any plausible legal claim that could possibly be stated against these Defendants. For all these reasons, the Court concludes that the Plaintiff's Complaint is subject to dismissal as frivolous and for failing to state a claim upon relief can be granted. The Court further concludes that affording the Plaintiff an opportunity to amend her Complaint would be futile, as the Plaintiff has

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

repeatedly filed actions against these same Defendants asserting similarly vague and nonsensical allegations.

When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke, 490 U.S. at 328; White, 886 F.2d at 724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this civil action.

**C.     Pre-Filing Review System**

The Plaintiff is already subject to a pre-filing injunction with respect to any actions against the Charlotte-Mecklenburg Hospital Authority. See Haggins v. Phillips et al., 3:13-cv-00050-MOC-DSC, Doc. 10. The Plaintiff also has been warned repeatedly in other civil actions that future frivolous filings would result in the imposition of a pre-filing review system. See Haggins v. LNU, 3:20-cv-00375-RJC-DCK; Haggins v. LNU, 3:20-cv-00376-RJC-DCK; Haggins v. Consumer Protection, 3:20-cv-377-FDW-DCK; Haggins v. Nemanic, 3:20-cv-00378-MOC-DSC; Haggins v. Charlotte Transportation Center, 3:20-cv-00379-RJC-DCK.

A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent

8

exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the present case, the Court concludes that the imposition of a pre-filing review is warranted. As noted above, the Plaintiff has filed numerous frivolous actions in this Court. Despite multiple Orders clearly explaining the baselessness of the Plaintiff's filings and warning her of possible sanctions, the Plaintiff continues to file her meritless

pleadings. These filings are burdensome on the Court, as they have caused the Court to expend considerable time and resources in addressing them. In light of these circumstances, the Court concludes that the Plaintiff will continue her abusive behavior if she is not subjected to a pre-filing review system.

Before imposing a pre-filing limitation, the Court must offer a litigant the opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from her. See Vandyke, 2012 WL 2576746, at *3. In the event that the Plaintiff fails to articulate a reason why such a system should not be imposed, the Court will enter an Order directing that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for [her] legitimate concerns, but will prevent [her] from usurping the Court's resources with [her] baseless submissions." Id. at *3.

**IT IS, THEREFORE, ORDERED** that within **fourteen (14) days** of the entry of this Order, the Plaintiff shall file a single document, not to exceed more than three (3) pages, succinctly explaining why she believes the Court should not impose the above-described pre-filing review system. **The**

**Plaintiff is expressly warned that her failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system.**

**IT IS SO ORDERED.**

Signed: July 26, 2021

Martin Reidinger
Chief United States District Judge